```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
THOMAS E. PEREZ, Secretary of           :
Labor, United States Department of      :
Labor,                                  :   MEMORANDUM OPINION
                 Plaintiff,             :   AND ORDER
                                        :
v.                                      :   12 CV 8649 (VB)
                                        :
FIRST BANKERS TRUST SERVICES, INC.,     :
FRANK FIROR, and REMBAR EMPLOYEE        :
STOCK OWNERSHIP PLAN,                   :
                 Defendants.            :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary"), brought this action under ERISA against defendants First Bankers Trust Services, Inc. ("FBTS"), and Frank Firor, alleging defendants were fiduciaries to an employee stock ownership plan and caused the plan to purchase shares in the company at a price in excess of the shares' fair market value.[1]  The Secretary and Firor – but not FBTS – have reached a settlement, conditioned on the entry of a bar order that prevents the non-settling defendant FBTS from seeking indemnification or contribution from Firor.

Firor moved for entry of a bar order.  (Doc. #92).  FBTS opposed Firor's proposed bar order and cross-moved for entry of a bar order with different terms.  (Doc. #95).

For the reasons set forth below, Firor's motion for entry of a bar order is DENIED. FBTS's cross-motion for entry of a bar order is GRANTED, except as set forth below.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] The Secretary also sued the stock ownership plan – the "Rembar Employee Stock Ownership Plan" – solely to ensure complete relief among the parties.  See Fed. R. Civ. P. 19.

1

**BACKGROUND**

The Court assumes familiarity with the underlying facts and recounts them here only to the extent necessary to resolve the cross motions for the entry of a bar order.

In its amended complaint, the Secretary alleges defendant Firor was CEO and Chairman of the Board of Directors of the Rembar Company Inc. ("Rembar").  Rembar had a pension plan within the meaning of ERISA called the Rembar Company, Inc. Employee Stock Ownership Plan (the "Plan").  The Secretary contends defendant FBTS was the trustee of the Plan and had discretionary responsibility in its administration.

The Secretary further alleges in June 2005, FBTS and Firor caused the Plan to purchase 100,000 shares in Rembar, primarily from Firor, for $15.5 million.  The Secretary claims this purchase price was at least $5 million above the shares' fair market value.

On March 3, 2016, after the close of discovery, the Court granted the parties' request for a stay of the dispositive motions briefing schedule pending mediation.  (Doc. #90).  On March 13, 2016, Firor informed the Court that he and the Secretary had reached a settlement, expressly conditioned upon the entry of a bar order.  (Doc. #91).  Under the terms of the settlement, Firor will pay $1.2 million in total: $1,090,090 in restitution to the Plan and a $109,910 civil penalty to the United States pursuant to ERISA § 502(l).

Firor moved for the entry of a bar order.  Firor's proposed bar order would (i) provide for a mutual bar against any claims for indemnification or contribution between Firor and FBTS; and (ii) provide for a pro tanto judgment reduction credit, such that any subsequent judgment rendered in favor of the Secretary against FBTS would be reduced by the amount Firor paid to the Plan in restitution pursuant to the settlement; i.e., $1,090,090.

2

FBTS opposed Firor's proposed bar order and cross-moved for entry of a different bar order. While FBTS and Firor's proposals both bar claims for indemnification or contribution between them, the proposed bar orders differ in how to calculate the judgment reduction credit FBTS would receive. Instead of a <u>pro tanto</u> judgment reduction credit, FBTS's proposed bar order would reduce any judgment rendered in favor of the Secretary against FBTS <u>by the greater of</u> Firor's proportionate share of liability and the settlement amount (hereinafter, referred to as the "greater-of" provision or method).

In addition to opposing Firor's proposed bar order, FBTS also opposed Firor's proposed bar order and settlement with the Secretary on the grounds that the ERISA § 502(l) penalty of $109,910 would be excluded from FBTS's judgment reduction credit.

## DISCUSSION

I. <u>Legal Standard</u>

Although "[t]ypically, settlement rests solely in the discretion of the parties, and the judicial system plays no role," a court must review the terms of a settlement when it is asked to invoke its equitable powers to enforce a settlement agreement. <u>In re Masters Mates & Pilots Pension Plan & IRAP Litig.</u>, 957 F.2d 1020, 1025 (2d Cir. 1992). The Court has discretion whether to approve a settlement. <u>Denney v. Deutsche Bank AG</u>, 443 F.3d 253, 273 (2d Cir. 2006); <u>see</u> <u>Katsaros v. Cody</u>, 744 F.2d 270, 281 (2d Cir. 1984) ("ERISA grants the court wide discretion in fashioning equitable relief to protect the rights of pension fund beneficiaries.").

II. <u>Bar Order's Judgment Credit Method</u>

When a proposed settlement implicates the rights of one who is not a party to the settlement, "the fairness of the settlement to the settling parties is not enough" to earn judicial approval. <u>In re Masters Mates & Pilots Pension Plan & IRAP Litig.</u>, 957 F.2d at 1026. For

3

instance, settlement agreements that bar contribution or indemnification claims between settling defendants and non-settling defendants may be approved "so long as there is a provision that gives the non-settling defendants an appropriate right of set-off from any judgment imposed against them." In re WorldCom, Inc. ERISA Litig., 339 F. Supp. 2d 561, 568 (S.D.N.Y. 2004) (citing In re Ivan F. Boesky Sec. Litig., 948 F.2d 1358, 1368-69 (2d Cir. 1991)).

There are a few methods for determining how much a judgment against a non-settling defendant should be reduced due to a settlement by a co-defendant. In re Masters Mates & Pilots Pension Plan & IRAP Litig., 957 F.2d at 1028. Two such methods are relevant here. First, under the pro tanto method, a non-settling defendant's liability is reduced by the amount paid by a settling defendant. Id. Second, under the proportionate fault method, a factfinder assesses the defendants' share of liability and the non-settling defendant pays a percentage of the judgment commensurate with its relative culpability. Id.

Here, the parties disagree on the method of calculation of the judgment reduction credit. The Secretary and Firor argue the Court should enter a bar order with FBTS's judgment reduction credit calculated using the pro tanto method. FBTS argues the Court should enter a bar order that would reduce any judgment against FBTS in an amount equal to the greater of (i) Firor's proportionate share of liability or (ii) the amount for which Firor and the Secretary settled. In other words, FBTS's proposal combines the pro tanto and proportionate fault method, and gives FBTS a judgment reduction credit of whichever is greater.

In an exercise of its discretion, the Court holds a settlement bar order with the "greater-of" provision is the most fair and equitable under the circumstances of this case.

First, the "greater-of" provision prevents FBTS from paying more than its equitable share of liability. Under the pro tanto method, FBTS's liability would be reduced by $1,090,090, the

settlement amount, regardless of FBTS's proportionate liability. For example, if the Secretary succeeded at trial against FBTS and the factfinder deemed FBTS to be 50% liable, then FBTS's proportionate share of liability would be approximately $2.5 million of the Secretary's alleged $5 million in total damages. But FBTS would receive a judgment reduction credit of only $1,090,090, and would be liable for approximately $4 million, not the $2.5 million commensurate with its share of culpability. Thus, the pro tanto method risks setting FBTS apart for unfair treatment. In re Masters Mates & Pilots Pension Plan & IRAP Litig., 957 F.2d at 1031 ("A settlement bar should not be approved unless . . . no one has been set apart for unfair treatment.").

By contrast, the "greater-of" judgment reduction credit prevents potential unfair treatment by giving FBTS the benefit of the amount paid by Firor in settlement to the Secretary, while ensuring FBTS will not pay more than its proportionate share of liability. Under the same scenario as above in which FBTS is found to be 50% liable, FBTS would owe the Secretary $2.5 million – not $4 million – of the $5 million in total damages. In other words, FBTS would stand to receive a judgment reduction credit commensurate with its share of culpability as it foregoes the ability to seek indemnity or contribution from Firor.

In In re Masters Mates & Pilots Pension Plan & IRAP Litigation, the Second Circuit reviewed a district court's approval of a settlement with a bar order in an ERISA context with joint and several liability among defendants. The court instructed that "[r]elative fault is an important consideration in determining whether a settlement is fair, reasonable and adequate and may not be cast aside." 957 F.2d at 1033. In opposing the "greater-of" method, the Secretary focuses on the Department of Labor's ability to fully recover all damages at trial; importantly, the Secretary's argument overlooks the relative fault of the defendants with respect to which

5

proposed bar order would be fair to FBTS.  Although it is true that the "greater-of" method <u>may</u> result in the Plan receiving less than the full amount of its loss, that is a risk the Secretary assumed by entering into a settlement with Firor (which the Secretary had every right to do) for less than the full amount of the potential damages.

Second, a settlement bar order with the "greater-of" provision is fair here because it would effectuate the settlement between the Secretary and Firor, which is conditioned upon the entry of <u>any</u> bar order.[2]  The "greater-of" judgment reduction credit would not undermine the agreement already reached between the Secretary and Firor – an agreement that will reduce the Secretary's burden at trial, ensure the Plan will receive at least $1 million in restitution, and provide immediate finality to Firor.

Accordingly, the Court will enter a bar order with a provision to reduce any judgment the Secretary obtains against FBTS in an amount equal to the greater of (i) Firor's proportionate share of liability or (ii) the amount for which Firor and the Secretary settled.

III.    Section 502(l) Penalty

In a breach of fiduciary duty case, Section 502(l) of ERISA mandates the assessment of a civil penalty "in an amount equal to 20 percent of the applicable recovery amount" against the fiduciary.  29 U.S.C. § 1132(l).  The civil penalty differs from the restitution amount in that it is not paid as restitution to the Plan, but rather as a penalty to the United States.

In the proposed consent judgment and order with Firor, the Secretary has agreed to assess a civil penalty of $109,910, or approximately 10% of the applicable recovery amount.  FBTS

---

[2]    In his memorandum of law in support of his bar order motion, Firor states: "The Secretary has represented that the entry of any Bar Order, even one with a credit offset that he opposes, would satisfy the Bar Order condition in the Consent Order." (Doc. #93, at 1-2).  In its submissions in connection with these motions, the Secretary does not make any statement or argument to the contrary.

argues the $109,910 should be included in its judgment reduction credit amount because Section 502(l) requires an adjudication of the fiduciary's breach before civil penalties may be assessed.

The Court disagrees.

As an initial matter, FBTS has provided no relevant, applicable authority for its proposition that Section 502(l) requires an adjudication of the fiduciary's breach before the Secretary may enter into a consent order setting civil penalties.  The Court is aware of no such authority, and Section 502(l), on its face, does not require an adjudication of the fiduciary's breach before civil penalties may be assessed.

More fundamentally, FBTS's arguments ignore the nature and purpose of the civil penalty.  Through their consent order, the Secretary and Firor agreed to a sum to be paid to the Plan as restitution and further agreed to a sum to be paid to the United States as a penalty.  The two amounts are separate, and serve plainly different purposes.  Importantly, the Plan will not receive any of the $109,910.  It would make little sense to allow FBTS to reduce the amount it owes in restitution to the Plan based on a civil penalty Firor agreed to pay to the United States pursuant to its agreement with the Secretary.

Accordingly, the sum of $109,910 that the consent order requires Firor to pay to the United States Department of Labor under Section 502(l) of ERISA will not be included in any judgment reduction credit in the bar order.

## CONCLUSION

For the reasons set forth above, Firor's motion for entry of a bar order is DENIED.  FBTS's cross motion for entry of a bar order is GRANTED, except to the extent it seeks to include Firor's civil penalty of $109,910 in FBTS's judgment reduction credit.

The Court will separately enter a bar order consistent with this opinion.

The Court will also separately enter the consent partial judgment and order submitted by the Secretary and Firor.

By May 10, 2016, the Secretary and FBTS are directed to propose an agreed-upon revised briefing schedule for dispositive motions.

The Clerk is instructed to terminate the pending motions.  (Docs. ##89, 92).

Dated: May 3, 2016
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge