Brillotti, J. as

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/25/17

R. ALEXANDER ACOSTA                     )
Secretary of the United States          )
Department of Labor,                    )
                                        )
                    Plaintiff,          )          12 CV 8649 (VB)
                                        )
                                        )
             v.                         )
                                        )
FIRST BANKERS TRUST SERVICES, INC.,     )
et al.,                                 )
                                        )
                                        )
                    Defendants.         )
                                        )

## [PROPOSED] CONSENT ORDER

Plaintiff, R. Alexander Acosta, Secretary of the United States Department of Labor

("Secretary"), and defendant First Bankers Trust Services, Inc. ("FBTS" and, with the

Secretary, the "Parties"), by and through their respective attorneys, have negotiated an

agreement to settle all civil claims and issues between them in this action, and each

consents to the entry of this Consent Order by the Court as the sole and complete

memorialization of the terms of such agreement.

      **A.**     This action was filed by the Secretary pursuant to his authority under Title I

of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et

seq. as amended.

      **B.**     The Secretary filed this ERISA action in connection with the June 17, 2005

purchase of The Rembar Company stock by The Rembar Company Employee Stock

Ownership Plan (the "Rembar ESOP").

      **C.**     The Secretary and FBTS have engaged in a constructive and collaborative

1

effort to establish binding policies and procedures relating to when FBTS serves as trustee or other fiduciary of an employee stock ownership plan ("ESOP") subject to Title I of ERISA that is purchasing or selling, or contemplating purchasing or selling, or receives an offer to purchase or sell, employer securities that are not publicly traded.

**D.** The Parties each acknowledge that its representations are material factors in the other Party's decision to enter into this Consent Order.

**E.** The Parties agree to settle on the terms and conditions hereafter set forth and stipulate and agree to the entry of this Consent Order as a full and complete resolution of all of the civil claims, causes of action and issues arising between them in this action without trial or adjudication of any issue of fact or law raised in the Secretary's Amended Complaint in this action.

**NOW THEREFORE**, in consideration of the mutual covenants set forth in this Consent Order and other valuable and sufficient consideration, the Parties have agreed as herein stated. Accordingly, it is ORDERED, ADJUDGED AND DECREED that:

## I.   JURISDICTION

The Court has jurisdiction over the Parties to this Consent Order and subject matter of this action and is empowered to provide the relief herein.

## II.   MONETARY RELIEF

**A.** Within 30 (thirty) days of the Court's entry of this Consent Order, FBTS shall pay or cause its insurers to pay the Rembar ESOP the sum of $1,107,142.86 (the "Settlement Amount") to fully settle the claims against FBTS in the Secretary's Amended Complaint in this action. This payment shall not be offset in any manner by any payments from The Rembar Company, the Rembar ESOP, Frank Firor, or any other party.

**B.** To the extent that the Rembar ESOP or Rembar has advanced to FBTS

payment for any fees and expenses that FBTS has incurred or anticipates incurring in

defense of this action or any investigation covered by this Consent Order, FBTS, within 10

(ten) days of execution of this Consent Order, shall re-pay any such advanced fees and

expenses plus interest at the rate prescribed by the weekly average 1-year constant maturity

Treasury yield, as published by the Board of Governors of the Federal Reserve System, for

the calendar week preceding the Court's entry of this Consent Order.

      **C.**    Upon payment of the Settlement Amount and any payments pursuant to

paragraph II(B), FBTS is hereby assessed a penalty under ERISA § 502(l), 29 U.S.C.

§ 1132(l), in the amount of $221,428.57 (the "Penalty Amount"), equal to 20% (twenty

percent) of the Settlement Amount.  However, FBTS has petitioned for a waiver of said

penalty under 29 C.F.R. 2570.85(a)(2), which the Secretary has granted.

      **D.**    FBTS will provide to the Secretary proof of payment of the Settlement

Amount.  Such proof will include wire transfer confirmations of the payment and such

other proof as may be requested by the Secretary.  Any proof provided under this paragraph

will be sent to the Secretary's representative at the following address:

> Jonathan Kay
> Regional Director New York Regional Office
> Employee Benefits Security Administration
> U.S. Department of Labor
> 33 Whitehall St., Suite 1200
> New York, NY 10004

The Secretary will notify FBTS of his receipt of satisfactory proof.

### III.   **NON-EXCLUSIVITY**

This Consent Order is not intended to specify all of FBTS's obligations as an

ERISA fiduciary and in no way supersedes any of FBTS's obligations under ERISA or its

implementing regulations.

## IV.   **RELEASES**

**A.**      This Consent Order provides full, final, and complete judicial resolution of
any and all of the claims and causes of action alleged in the Secretary's Amended
Complaint in this action.  Notwithstanding the foregoing, nothing in this Consent Order
shall be deemed to waive any claim by the Secretary relating to the obligations set forth in
this Consent Order.

**B.**      Except for the obligations set forth above to this Consent Order, the
Secretary and his agents, representatives, assigns,  predecessors and successors in interest,
acting in their official capacities, do hereby  waive, release and forever discharge any and
all claims, demands, actions, causes of  action, liabilities, or fines (including any payment
under Section 502(l) of ERISA) they may have against FBTS and its directors, officers,
agents, attorneys, employees, representatives, assigns, predecessors, and successors in
interest based upon the allegations in the Secretary's Amended Complaint in this action.

**C.**      FBTS and its directors, officers, agents, attorneys,  employees
representatives, assigns, predecessors and successors in interest, do hereby release the
Secretary and his officers, agents, attorneys, employees, and representatives, both in their
individual and governmental capacities, from all actions, claims and demands of
whatsoever nature, including those arising under the Equal Access to Justice Act or any
statute, rule, or regulation, that relate in any manner to the investigations, filing,
prosecution, and maintenance of the Secretary's Amended Complaint..

**D.**      The Secretary's claims against any other persons are expressly preserved.
Except as set forth in paragraphs III(A) and (B) above, nothing in this Consent Order shall
preclude the Secretary from initiating or continuing any audit or investigation, or from
pursuing any claims or actions, against any entities or persons relating to any ERISA-

covered plan.  Nothing in this Consent Order resolves any claims that have been or may be asserted against FBTS by the Rembar ESOP or by any other person.

## V.    RETENTION OF JURISDICTION

This Court shall retain jurisdiction over the Parties and subject matter of this action for the purposes of enforcing and/or interpreting the terms of this Consent Order.

## VI.    COST AND EXPENSES

The Parties each shall bear their own costs, expenses, and attorneys' fees in connection with this action and this Consent Order.  FBTS agrees not to seek or accept indemnification from The Rembar Company or use any assets of Rembar or the Rembar ESOP for any payments made or required to be made pursuant to this Consent Order, or for any expenses, including attorney's fees, associated with the negotiation, consideration, documentation, or implementation of this Consent Order.

## VII.    CONFLICT RESOLUTION

The Parties agree that should any issues arise relating to compliance with the  terms of this Consent Order, as a precondition to seeking the Court's involvement, the  Party asserting the issue(s) will provide written notice of the issue(s) to the other Party  and will use reasonable efforts to resolve them informally.  If the issues cannot be  resolved within ninety (90) days of the date of the written notice, the Parties shall have  the option of seeking resolution by more formal means, including but not limited to mediation or litigation.  Failure by any Party to seek enforcement of any provision of this Consent Order shall not  be construed as a waiver of such enforcement with regard to that provision or any other  provision.

## VIII.     **PARTIES BOUND**

By entering into this Consent Order, the Parties hereto represent that they have been informed by counsel of the effect and purpose of this Consent Order and agree to be bound by its terms.  Any attorney signing each expressly represents that he or she is authorized to execute this Consent Order on behalf of the Party represented and that the attorney has fully disclosed any conflicts of interest relating to his or her representation for purposes of executing this Consent Order.  This Consent Order is not binding on any governmental agency other than the United States Department of Labor.

## IX.     **MULTIPLE ORIGINALS**

This Consent Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument. The date of execution of this Consent Order is the date on which it is signed by the Court.

## X.     **ENTRY OF JUDGMENT**

The Court finds that there is no just reason to delay the entry of this Consent Order

and expressly directs the entry thereof as a final Order and Judgment.

**IN WITNESS WHEREOF**, the Parties through their respective duly authorized

representatives have executed this Consent Order on the date(s) set forth hereunder.

So Ordered:

Dated: 9/25/2017

_____
UNITED STATES DISTRICT COURT JUDGE
Vincent L. Briccetti

**FOR THE SECRETARY:**
Respectfully Submitted,

NICHOLAS C. GEALE
Acting Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

_____
Matthew M. Sullivan
Senior Trial Attorney

U.S. Department of Labor
Attorneys for
R. ALEXANDER ACOSTA
Secretary of Labor,
Complainant

New York Regional Office
U.S Department of Labor
201 Varick Street
Room 983
New York, NY 10014
Tel:  (646) 264-3673
Fax:  (646) 264-3660
Email: sullivan.matthew.m@dol.gov


**FOR FIRST BANKERS TRUST SERVICES, INC.:**


Elizabeth C. Viele
Fox Rothschild LLP
101 Park Avenue, Suite 1700
New York, NY 10178
(212) 878-7968 - direct
(212) 692-0940 - fax
Email:  eviele@foxrothschild.com